**ANSWER TO COMPLAINT**

FILED BY _____ D.C.

DEC 2 3 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**Subject: Preliminary Response to Temporary Restraining Order in Case No.24-cv-24008.**

Dear Judge ,

 This is Wuhanshichenkuxuankejiyouxiangongsi , the owner of the Amazon online store "cooushing", the defendant No.22 in the case No.24-cv-24008, USDC.SD FL, pursuant to Fed. R. Civ. P. 65, files this Response in Opposition to the Motion of the Plaintiff, Purple innovation.LLC,who seeks a Temporary Restraining Order in the case No.24-cv-24008.

 The defendant No.22 takes this opportunity to express its preliminary stance and provide context regarding the allegations made against it. We have thoroughly reviewed the documents and evidence presented, and we wish to highlight the following points:

1. **The plaintiff's actions have violated the joinder of accused infringers provision under 35 U.S. Code § 299 - Joinder of parties.**

 The plaintiff clearly knew that the alleged infringing acts of more than 100 defendants in this case did not stem from the same transaction, occurrence, or a series of transactions or occurrences. The plaintiff filed this lawsuit merely on the basis that these defendants were all from China. The plaintiff's actions have violated the joinder of accused infringers provision under 35 U.S. Code § 299 - Joinder of parties

 In the case of Patent Holder Identified in Exhibit 1 v. Does 1-254, the court held that the plaintiff did not fully discuss each of the alleged infringers and the scope of their activities, nor did it prove that there were common factual issues among all the defendants in the lawsuit. Since it did not meet the requirements of 35 U.S. Code § 299 regarding the joinder of parties which should be based on the common factual or legal issues among all the defendants, the court dismissed the plaintiff's lawsuit.

2. **The defendant No. 22 did not commit any acts of infringing upon the plaintiff's trademark rights.**

 The trademark right claimed by the plaintiff is a variation of the word "purple". The word "purple" did appear on the store page of the defendant No. 22. However, it was only used as a descriptive term rather than as a trademark. As is widely known, the correct ways to use a trademark include using forms that are completely identical or easily confused in terms of font, size, shape, arrangement, color, etc. **There is no content on the store page of the defendant No.22, identical or similar to the plaintiff's protected trademark mentioned in the complaint of the registered trademark,such as** HYPER-ELASTIC POLYMER , PURPLE , Reinventing Comfort , TWINCLOUD,**etc.**

 If the trademark is in pure text, the all-capital font of that text can be used. In fact, according to 15 U.S. Code § 1115 (b)(4), descriptive fair use is permitted under U.S. law. The relevant precedent is: Soweco, Inc. v. Shell Oil Co., 617 F. 2d 1178 (US Court of Appeals, 5th Circuit 1980). In the court's opinion in this case, the detailed discussion is as follows:

 A "descriptive" term "identifies a characteristic or quality of an article or service," Vision Center,

596 F.2d at 115, as, for example, its color, odor, function, dimensions, or ingredients. American Heritage, 494 F.2d at 11. Although descriptive marks are not automatically protectable, 15 U.S.C. § 1052(e)(1), they may be registered if they have acquired secondary meaning for the consuming public. See id. § 1052(f). Examples of descriptive marks   would be "Vision Center" in reference to a place where one purchases eyeglasses, Vision Center, supra, or "EVERREADY" with reference to batteries or light bulbs. Union Carbide Corp. v. Every-Ready, Inc., 531 F.2d 366 (7th Cir.), cert. denied, 429 U.S. 830, 97 S.Ct. 91, 50 L.Ed.2d 94 (1976). As we noted in Vision Center, 596 F.2d at 115 n. 11, "the distinction between descriptive and generic terms is necessarily one of degree."

Section 1052(e)(1) prohibits the registration of a mark that, "when applied to the goods of the applicant is merely descriptive . . . of them." The term "descriptive," as used in this opinion, signifies trademarks that are "merely descriptive" within the meaning of this subsection. It does not refer to generic or "common descriptive" names.

"The secondary meaning doctrine . . . holds that words which have a primary meaning of their own . . . may by long use in connection with a particular product, come to be known by the public as specifically designating that product." ·

On the main part of the store page of the defendant(DOE 22), none of the trademarks of Purple innovation.LLC appeared, nor did any all-capital-font text of the trademarks held by Purple innovation.LLC show up. On the detail page of the store page of the defendant on the 22nd, the word "purple" appeared as a descriptive term, which belongs to the correct usage of the word "purple". The use of this term on the detail page does not have the function of attracting the attention of buyers through aspects like font, size, shape, arrangement, color, etc. And usually, buyers will not read the detail page carefully. Therefore, the descriptive term "purple" that appears on the detail page of the store page of the defendant(DOE 22)   will not cause buyers to misunderstand that the product is from Purple Innovation LLC.

In conclusion, the trademark held by the plaintiff originates from the commonly used color term "purple". Although the plaintiff has registered it as a registered trademark, it doesn't mean that others must be prohibited from using the term "purple".

we respectfully request the court to carefully reconsider the terms of the temporary injunction and grant us an opportunity to present our full defense and evidence at the earliest convenience. The Defendant remains dedicated to upholding the law and looks forward to working towards a fair resolution.

We appreciate your attention to this matter and stand ready to provide any additional information or assistance required by the court.

Sincerely,

The owner of the Defendant No.22: Wuhanshichenkuxuankejiyouxiangongsi
(武汉市陈酷炫科技有限公司，Wuhan Ceoushing Chen Technology Co., Ltd.)

Date: 2024.12.16



统一社会信用代码

91420100MA49GJEA2W

# 营业执照

   

名　　称　武汉市陈酷炫科技有限公司

类　　型　有限责任公司（自然人独资）

法定代表人　陈行

经 营 范 围　软件开发；网络平台运营管理；供应链管理；纸制品、办公用品、体育用品、工艺礼品（不含文物、象牙及其制品）、包装材料、服装鞋帽、日用品、护肤品、化妆品、家具的批发零售及网上销售；货物的进出口、技术进出口（不含国家禁止或限制进出口的货物或技术）。（涉及许可经营项目，应取得相关部门许可后方可经营）

注 册 资 本　壹佰万圆整

成 立 日 期　2020年06月04日

营 业 期 限　长期

住　　所　武汉东湖新技术开发区滨湖路26号SAGE技术研发中心1栋6层01室011-431（一址多照）

登 记 机 关

2020年06月04日



http://www.gsxt.gov.cn

国家企业信用信息公示系统网址：

国家市场监督管理总局监

analysis



☰   amazon seller central   |   CHENKUXUAN | United States   ·Search·   🔍   ✉ ⚙

Manage All Inventory    Manage Orders    Campaign Manager    Coupons    Shipments    Deals    Prime Exclusive Discounts

## Business information

### Business information

**wuhanshichenkuxuankejiyouxiangongsi**

SAGE Technology R&D Center, No. 26 Binhu Road 01 Building, 6th Floor, Room 011-431     ⌄
Wuhan East Lake New Technology Development Zone 430070
Hubei Province CN

## Primary Contact Information

**hang chen**

SAGE Technology R&D Center, No. 26 Binhu Road 01 Building, 6th Floor, Room 011-431     ⌄
Wuhan East Lake New Technology Development Zone 430070
Hubei Province CN

Edit Information


FEEDBACK ✕

CHENXING
CHINA MAINLAND
1 OF 1
SHIP TO:
JOSE E.MARTIENZ
UNITED STATES DISTRICT C
.FLORIDA.USA,
CHAMBERS AT MIAMI
MIAMI FL 33101
SHIP TO:
UNITED STATES DISTRICT COURT
JOSE E.MARTIENZ
400 N MIAMI AVE
MIAMI FL 33128
FL 330 6-03
UPS SAVER
1P
TRACKING #: 1Z 144 AW7 04 0911 6395
BILLING: P/P
DESC: DOC
EDI-DOC
UNITED STATES DISTRICT COURT
400 N MIAMI AVE
MIAMI FL 33128
322-3384
1Z144AW7040911 6395

