UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-24008-CIV-MARTINEZ-SANCHEZ

PURPLE INNOVATION, LLC,

      Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED
LIABILITY COMPANIES, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE "A",

      Defendants.

_____/

### REPORT AND RECOMMENDATION ON PLAINTIFF'S
### MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT

This matter is before the Court on the Motion for Entry of Final Default Judgment Against Defendants, ECF No. 51, filed by the Plaintiff, PURPLE INNOVATION, LLC ("Plaintiff" or "PURPLE INNOVATION").[1]  A clerk's default was entered against those Defendants[2] listed in the Schedule "A" attached thereto (the "Remaining Defendants").  ECF Nos. 43 (Clerk's Entry of Default), 51-8 at 19-25 (Schedule "A").  Despite having been served with process, *see* ECF No. 30, the Remaining Defendants failed to appear, answer, or otherwise respond to Plaintiff's

---

[1] The Honorable Jose E. Martinez, United States District Judge, referred the Plaintiff's motion to the undersigned for a report and recommendation.  ECF No. 52.

[2] A clerk's default was also entered as to Defendants Nos. 23, 33 to 35, 37, 38, 40, 50, 51 to 54, 60, 98, 110, and 129, listed in Schedule "A" to the Plaintiff's Motion for Entry of Final Default Judgment.  *See* ECF Nos. 42, 43, 51.  However, since Plaintiff's filing of this motion, the Plaintiff has filed a notice of voluntary dismissal as to these listed Defendants.  *See* ECF Nos. 53, 54, 56, 57, 58.  Plaintiff thus no longer seeks a default judgment against the sixteen defendants listed above nor against the other Defendants that Plaintiff has voluntarily dismissed from this action. *See* ECF No. 51 at 1 n.1.  A modified Schedule A listing the Remaining Defendants that are the subject of both the Plaintiff's motion for default judgment and this Report and Recommendation is attached to this Report.

complaint.  Plaintiff now seeks entry of final default judgment against the Remaining Defendants.

ECF No. 51.  Having carefully considered Plaintiff's Motion, the record in this case, the applicable

law, and being otherwise fully advised, the undersigned **RESPECTFULLY RECOMMENDS**

that Plaintiff's Motion for Entry of Final Default Judgment Against Defendants, ECF No. 51, be

**GRANTED**.

## I.      BACKGROUND[3]

Plaintiff commenced this action against the Remaining Defendants, alleging claims for

trademark infringement and counterfeiting under § 32 of the Lanham Act, 15 U.S.C. § 1114 (Count

I); and design patent infringement under the Patent Act, 35 U.S.C. § 271 (Count II).  ECF No. 1.

Plaintiff is the registered owner of federally registered trademarks for PURPLE

INNOVATION Products: U.S. Trademark Registration Nos. 5,416,146; 5,224,883; 5,224,901;

5,659,866; 5,661,556; 6,546,748; 6,816,315; 6,971,732; 6,971,733; 6,971,734; and 6,975,208 (the

"PURPLE INNOVATION Trademarks").   ECF No. 1 at ¶¶ 1, 14, 50; *see also* ECF No. 1-1

(Certificates of Registration for the PURPLE INNOVATION Trademarks).   The PURPLE

INNOVATION Trademarks are used in connection with the design, marketing, and distribution of

PURPLE INNOVATIONS' mattresses, pillows, and other products.  *See* ECF No. 1 at ¶¶ 15-20;

ECF No. 12-1 at ¶¶ 6-7, 31 (Declaration of James Larson).  Plaintiff owns all rights in the PURPLE

INNOVATION Trademarks pursuant to 15 U.S.C. § 1057(b).  ECF No. 1 at ¶¶ 1, 14, 18; ECF No.

12-1 at ¶ 5.

Plaintiff is also the registered owner of several design patents: U.S. Patent Nos. US

D991,706 S; D990,930 S; D959,176 S; D951,670 S; D917,926 S; D909,790 S; and D909,092 S

---

[3] The following facts are admitted as a result of the Remaining Defendants' default.  *See, e.g.*,
*Amguard Ins. Co. v. Super Winn Nail Spa, Inc.*, No. 23-61304, 2024 WL 996444, at *1 (S.D. Fla.
Mar. 5, 2024); Section II *infra*.

(collectively, the "PURPLE INNOVATION Patents").  ECF No. 1 at ¶¶ 2, 14, 21; ECF No. 1-2 (PURPLE INNOVATION patents).  Plaintiff maintains "right, title, and interest in and to the PURPLE INNOVATION Patents," and its products often "embody at least a portion of the designs depicted in the PURPLE INNOVATION Patents."  ECF No. 1 at ¶¶ 21-22; ECF No. 12-1 at ¶ 5.

Plaintiff has not licensed or authorized any of the Remaining Defendants to use the PURPLE INNOVATION Trademarks or the PURPLE INNOVATION Patents, and none of the Remaining Defendants are authorized retailers of genuine PURPLE INNOVATION products.  ECF No. 1 at ¶ 31; *see also id.* at ¶ 45.

The complaint establishes that the Remaining Defendants are advertising, marketing, offering to sell, and/or selling unauthorized, counterfeit, and noncompliant products (the "Counterfeit Products") by using marks that are identical or substantially identical to the PURPLE INNOVATION Trademarks and by embodying designs depicted in the PURPLE INNOVATION Patents.  ECF No. 1 at ¶¶ 3, 46, 48-49; *see also id.* at ¶¶ 32-33.  The Counterfeit Products are made to appear to be genuine PURPLE INNOVATION Products but are inferior and unauthorized imitations of the PURPLE INNOVATION Products.  ECF No. 1 at ¶ 5; *see also id.* at ¶¶ 20, 28, 32-33.  Furthermore, the Remaining Defendants have "sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products in connection with the PURPLE INNOVATION Trademarks without Plaintiff's permission," and "have been making, using, selling, offering for sale, and/or importing into the United States for subsequent sale or use, without authority, Counterfeit Products that infringe directly and/or indirectly the PURPLE INNOVATION Patents."  *Id.* at ¶¶ 49, 55; *see also id.* at ¶ 56.  Plaintiff asserts that the Remaining Defendants' unlawful infringing activities caused and will continue to cause irreparable harm to Plaintiff's reputation and goodwill "from the loss of its

exclusivity of its intellectual property rights, as well as through consumer confusion, dilution, and tarnishment of its valuable trademark." *Id*. at ¶¶ 8, 46, 53, 58; *see also id.* at ¶ 52.

Plaintiff seeks entry of final default judgment against the Remaining Defendants and requests that the Court (1) permanently enjoin the Remaining Defendants from continuing to infringe on Plaintiff's intellectual property rights, that is, the PURPLE INNOVATION Trademarks and the PURPLE INNOVATION Patents; and (2) award Plaintiff damages. *See* ECF No. 51 at 2, 11-22.

## II.    LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a); *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002). The effect of a clerk's default is that all the plaintiff's well-pleaded allegations are deemed admitted. *See, e.g.*, *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015); *see also Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (defaulted defendant deemed to admit well-pleaded allegations, but "not held to admit facts that are not well-pleaded or to admit conclusions of law").

Only well-pleaded allegations are admitted because "entry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered, with the standard for 'a sufficient basis' for the judgment being akin to that necessary to survive a motion to dismiss for failure to state a claim." *Singleton v. Dean*, 611 F. App'x 671, 671 (11th Cir. 2015) ("The complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, which is met when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.");

4

*Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015).  Therefore, before entering a default judgment, a court must ensure that the well-pleaded allegations in the complaint state a substantive cause of action and provide a sufficient basis for the particular relief sought. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007); *see also, e.g.*, *Luxottica Group S.p.A. v. Individual, P'ship or Unincorporated Ass'n*, No. 17-CV-61471, 2017 WL 6949260, at *2 (S.D. Fla. Oct. 3, 2017) ("Because the defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the Court must first determine whether there is a sufficient basis in the pleading for the judgment to be entered.").  If the admitted facts are sufficient to establish liability, then the court must ascertain the appropriate amount of damages.  *Nishimatsu Constr. Co.*, 515 F.2d at 1206.

Here, Plaintiff stated in its motion that there are no allegations of joint and several liability against the Remaining Defendants.  *See* ECF No. 51 at 8.  The Remaining Defendants have not appeared and have defaulted.  Therefore, there is no possibility of inconsistent liability between the Remaining Defendants, and a final default judgment against the Remaining Defendants may be entered.

## III.   ANALYSIS

### A.  Count I: Trademark Infringement and Counterfeiting Pursuant to § 32 of the Lanham Act (15 U.S.C. § 1114)

Section 32 of the Lanham Act, 15 U.S.C. § 1114, provides liability for trademark infringement if, without the consent of the registrant, a defendant uses "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark" which is "likely to cause confusion, or to cause mistake, or to deceive."  15 U.S.C. § 1114(1).  To prevail on this claim, Plaintiff must demonstrate that (1) it had prior rights to the mark at issue; and (2) Defendants adopted a mark or name that was the same or confusingly similar to Plaintiff's trademark such that

consumers were likely to confuse the two. *Frehling Enters., Inc. v. Int'l Select Grp., Inc.*, 192 F.3d 1330, 1335 (11th Cir. 1999); *see also Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001) (citing *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 106 F.3d 355, 360 (11th Cir. 1997)).

To establish its claim, Plaintiff alleged that it is the registered owner of the PURPLE INNOVATION Trademarks and the official source of PURPLE INNOVATION Products, *see* ECF No. 1 at ¶¶ 1, 50, that the Remaining Defendants have no license or authorization to use the PURPLE INNOVATION Trademarks, *see id.* at ¶¶ 31, 49, that the Remaining Defendants are using marks that are "identical or substantially identical to the PURPLE INNOVATION Trademarks," *id.* at ¶ 3, that the Remaining Defendants are "willfully infringing and intentionally using counterfeits of the PURPLE INNOVATION Trademarks," *id.* at ¶ 50, and that the Remaining Defendants "have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products in connection with the PURPLE INNOVATION Trademarks without Plaintiff's permission," *id.* at ¶ 49.  According to the complaint, the Remaining Defendants' activities are "likely to cause and [are] causing confusion, mistake, and deception as to the origin and quality of the counterfeit goods among the general public" and damages to Plaintiff.  *Id.* at ¶¶ 50, 52; *see also id.* at ¶¶ 28-29.  Therefore, Plaintiff properly established the necessary elements to state a claim for trademark infringement and counterfeiting under § 32 of the Lanham Act and is entitled to default judgment on this claim.

**B.  Count II: Design Patent Infringement Pursuant to 35 U.S.C. § 271**

Under the Patent Act, "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent."  35 U.S.C. § 271(a).  A

design patent infringement action requires Plaintiff to demonstrate that "'during the term of a patent for a design, without license of the owner[,]' a defendant '(1) applies the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale, or (2) sells or exposes for sale any article of manufacture to which such design or colorable imitation has been applied." *XYZ Corp. v. Individuals, P'ships, and Unincorporated Ass'ns Identified on Sched. "A,"* 668 F. Supp. 3d 1268, 1273 (S.D. Fla. 2023) (quoting 35 U.S.C. § 289). "Determining whether a design patent is infringed is a two-step process. First, when appropriate, the design patent's claims are construed. Second, the patented design is compared to the accused device." *Pride Fam. Brands, Inc. v. Carl's Patio, Inc.*, 992 F. Supp. 2d 1214, 1223-24 (S.D. Fla. 2014) (footnote omitted). "The 'ordinary observer' test is the sole test for determining whether a design patent has been infringed." *XYZ Corp.*, 668 F. Supp. 3d at 1274 (quoting *Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, 942 F.3d 1119, 1129 (Fed. Cir. 2019)). Under this test, "if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." *Gorham Mfg. Co. v. White*, 81 U.S. 511, 528 (1871); *see also, e.g.*, *XYZ Corp.*, 668 F. Supp. 3d at 1274. "Minor differences between a patented design and an accused article's design cannot, and shall not, prevent a finding of infringement." *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010) (quoting *Payless Shoesource, Inc. v. Reebok Int'l Ltd.*, 998 F.2d 985, 991 (Fed. Cir. 1993)).

Here, Plaintiff has established that it is the registered owner of the PURPLE INNOVATION Patents. ECF No. 1-2. The PURPLE INNOVATION Patents "were duly and legally issued by the United States Patent and Trademark Office" and are "valid, subsisting, and

in full force and effect."  ECF No. 1 at ¶ 2; *see* ECF No. 1-2.  Additionally, the PURPLE

INNOVATION Patents contain illustrated images depicting the patented designs, ECF No. 1-2,

and the Court need not construe claims language here in light of the patents' illustrations.  *See,*

*e.g.*, *Crocs, Inc.*, 598 F.3d at 1302-03; *Believe Pursue LLC v. Individuals, Corps., Ltd. Liab. Cos.,*

*P'ships, & Unincorporated Ass'ns Identified on Schedule "A"*, No. 25-CV-20162, 2025 WL

2427675, at *8 (S.D. Fla. July 29, 2025).  Moreover, the Plaintiff has adequately alleged that the

Remaining Defendants applied the Plaintiff's patented designs to articles of manufacture for the

purposes of sale.  Indeed, the Remaining Defendants "are and have been making, using, selling,

offering for sale, and/or importing into the United States for subsequent sale or use . . . Counterfeit

Products that infringe directly and/or indirectly with PURPLE INNOVATION Patents."  *Id*. at

¶ 55; *see also id.* at ¶ 3 ("Defendants are improperly advertising, marketing and/or selling

unauthorized and noncompliant products . . . that embody the design(s) depicted in the PURPLE

INNOVATION Patents."); *id.* at ¶ 32 ("Defendants deceive unknowing consumers by using the

. . . PURPLE INNOVATION Patents without authorization . . . as embodied by the Counterfeit

Products themselves.").  Plaintiff also provided images of the PURPLE INNOVATION Patents

and Defendants' Counterfeit Products as evidence of the Remaining Defendants' infringement of

the PURPLE INNOVATION Patents under the ordinary observer test.  *See id*. at ¶¶ 55-58;

*compare* ECF No. 1-2, *with* ECF Nos. 51-2 to 51-6 (screenshots of Counterfeit Products from each

of Remaining Defendants' Seller IDs).

    Given the circumstances present in this case, Plaintiff has properly established the

necessary elements to state a claim for design patent infringement under 35 U.S.C. § 271 and is

entitled to final default judgment on this claim.

Here, Plaintiff sufficiently alleged facts to establish the elements of both of its claims, and the factual allegations in Plaintiff's complaint have been additionally substantiated by sworn declarations and other evidence establishing the Remaining Defendants' liability on both claims, *see* ECF Nos. 51-1 to 51-6.  Under the circumstances presented, entry of default judgment in favor of Plaintiff and against the Remaining Defendants pursuant to Federal Rule of Civil Procedure 55 is appropriate.

### C.  RELIEF

Plaintiff, in its motion, ECF No. 51 at 2, 11-23, requests equitable relief, statutory damages, and lost profits.  The undersigned first addresses Plaintiff's request for injunctive and other equitable relief, and then addresses the monetary damages for each claim individually.

### A.  Injunctive and Other Equitable Relief

Pursuant to the Lanham Act, a district court is authorized to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable," to prevent violations of trademark law.  *See* 15 U.S.C. § 1116(a).  Indeed, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement."  *Burger King Corp. v. Agad*, 911 F. Supp. 1499, 1509-10 (S.D. Fla. 1995) (citing *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988)).  Similarly, the Patent Act provides that a district court "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable."  35 U.S.C. § 283; *see Atmos Nation, LLC v. Pana Depot, Inc.*, No. 14-CIV-62620, 2015 WL 11198010, at *2 (S.D. Fla. Apr. 8, 2015) (granting default judgment and a permanent injunction for patent infringement claim, among

others).  Indeed, a plaintiff has little other recourse where defendants fail to respond or appear in a case.  *See Atmos Nation, LLC*, 2015 WL 11198010, at *2.

Permanent injunctive relief is appropriate where a plaintiff demonstrates that (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest.  *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-93 (2006).

In trademark cases, "a sufficiently strong showing of likelihood of confusion . . . may by itself constitute a showing of a substantial threat of irreparable harm."  *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 986 (11th Cir. 1995) ("There is no doubt that the continued sale of thousands of pairs of counterfeit jeans would damage LS & CO's business reputation and decrease its legitimate sales.").  Further, "[i]n order for an injury to be irreparable, it cannot be undone through monetary remedies."  *Alpha Signs & Designs v. Individuals*, No. 24-cv-20096, 2024 WL 3543724, at *4 (S.D. Fla. Apr. 3, 2024) (quoting *VAS Aero Servs., LLC v. Arroyo*, 860 F. Supp. 2d 1349, 1362 (S.D. Fla. 2012)), *report and recommendation adopted*, 2024 WL 3543702 (S.D. Fla. May 24, 2024).

Plaintiff's complaint demonstrates that the Remaining Defendants are improperly infringing on the PURPLE INNOVATION Trademarks and Patents by using them to advertise, promote, and sell goods by using marks that are identical or substantially identical to the PURPLE INNOVATION Trademarks and by embodying designs depicted in the PURPLE INNOVATION Patents, and these infringing activities are deceiving consumers and causing consumers to confuse and mistake the Remaining Defendants' counterfeit products with Plaintiff's genuine products that use the PURPLE INNOVATION Trademarks or embody the designs depicted in the PURPLE

INNOVATION Patents.  ECF No. 1 at ¶¶ 3, 45-46, 48-49, 50, 52, 58; *see also id.* at ¶¶ 28-29, 32-33.  The Remaining Defendants' infringing actions have caused Plaintiff irreparable injury, including to Plaintiff's good will and reputation, and will continue to do so if the Remaining Defendants are not permanently enjoined.  *Id.* at ¶¶ 8, 53, 58.

Plaintiff has no adequate remedy at law so long as Remaining Defendants continue to use the PURPLE INNOVATION Trademarks and PURPLE INNOVATION Patents in connection with their Internet-based e-commerce stores under the Seller IDs because Plaintiff will have no control over the quality of what appears to be its products in the marketplace and will be unable to exclude the Remaining Defendants from using its intellectual property.  *See, e.g.*, *XYZ Corp.*, 668 F. Supp. 3d at 1276.  An award of monetary damages alone will not cure the injury to Plaintiff's reputation and goodwill that will result if Remaining Defendants' counterfeiting and infringing actions are allowed to continue.  Plaintiff has a significant interest in enforcing its Trademark and Patent rights and expends significant resources promoting its Trademarks and genuine products and protecting and enforcing its rights.  *See id.* at ¶¶ 17, 20.  Enjoining Remaining Defendants is critical to prevent hardship to Plaintiff from loss of sales and injury to Plaintiff's reputation and goodwill.  By contrast, the Remaining Defendants face no hardship if they are prohibited from the continued infringement of PURPLE INNOVATION Trademarks and PURPLE INNOVATION Patents, which are unlawful acts.

Finally, the public interest supports the issuance of a permanent injunction against the Remaining Defendants to prevent consumers from being misled by the Remaining Defendants' products.  *Chanel, Inc. v. Sea Hero*, 234 F. Supp. 3d 1255, 1262 (S.D. Fla. 2016); *see Nike, Inc. v. Leslie*, No. 85-960 Civ-T-15, 1985 WL 5251, at *1 (M.D. Fla. June 24, 1985) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such

behavior.").  The Remaining Defendants have created an Internet-based infringement scheme in which they are profiting from the deliberate misappropriation of PURPLE INNOVATION Trademarks and PURPLE INNOVATION Patents.  Unless the Remaining Defendants are enjoined, they will be free to continue infringing on Plaintiff's PURPLE INNOVATION Trademarks and PURPLE INNOVATION Patents.

Having established all four elements necessary for injunctive relief, Plaintiff is entitled to a permanent injunction.

Plaintiff additionally requests that the Court order that all listings and associated images of goods that infringe on the PURPLE INNOVATION Trademarks and PURPLE INNOVATION Patents be permanently removed from the Remaining Defendants' online marketplace stores.  *See* ECF No. 51 at 2, 14-15.  The Court's broad equity powers allow it to fashion such relief to stop the Remaining Defendants' infringing activities, *see, e.g.*, *Believe Pursue LLC*, 2025 WL 2427675, at *10, and such relief is appropriate and recommended in this case.

### B.  Damages for Trademark Infringement and Counterfeiting

Because the admitted facts are sufficient to establish liability, the Court must ascertain the appropriate amount of damages.  *Nishimatsu Constr. Co.*, 515 F.2d at 1206.  In a case involving the use of counterfeit marks in connection with a sale, offering for sale, or distribution of products, 15 U.S.C. § 1117(c) provides that a plaintiff may elect an award of statutory damages at any time before final judgment is rendered in the sum of not less than $1,000.00 nor more than $200,000.00 per counterfeit mark per type of good or service.  15 U.S.C. § 1117(c)(1).  In addition, if the Court finds that the Remaining Defendants' counterfeiting actions were willful, it may impose damages above the maximum limit, up to $2,000,000.00 per mark per type of good or service.  15 U.S.C.

§ 1117(c)(2).  Here, Plaintiff has elected statutory damages pursuant to 15 U.S.C. § 1117(c) as to Count I of its complaint.

Statutory damages under the Lanham Act are "particularly appropriate in the default judgment context" because it is difficult to ascertain the defendants' profits and because the defendants have not participated in the litigation.  *See CreeLED, Inc. v. Individuals, Bus. Entities & Unincorporated Ass'ns Identified on Schedule "A"*, No. 22-CV-23683-JEM/Becerra, 2023 WL 6130593, at *4 (S.D. Fla. Sept. 11, 2023) (citing *Tiffany (NJ) LLC v. Benefitfortiffany.com*, No. 16-60829-Civ-Lenard/Goodman, 2016 WL 8679081, at *7 (S.D. Fla. Nov. 3, 2016)); *see also PetMed Express, Inc. v. MedPets.Com, Inc.,* 336 F. Supp. 2d 1213, 1220 (S.D. Fla. 2004) (statutory damages are "specially appropriate in default judgment cases due to infringer nondisclosure"). The Court has wide discretion to determine the amount of statutory damages awarded.  *See PetMed Express*, 336 F. Supp. 2d at 1219 (citing *Cable/Home Commc'n Corp. v. Network Prod.*, Inc., 902 F.2d 839, 853 (11th Cir. 1990)).  An award of statutory damages is appropriate despite a plaintiff's inability to prove actual damages caused by a defendant's infringement.  *Under Armour, Inc. v. 51nfljersey.com*, No. 13-62809-civ, 2014 WL 1652044, at *7 (S.D. Fla. Apr. 23, 2014) (citing *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 852 (E.D. Mich. 2006) ("[A] successful plaintiff in a trademark infringement case is entitled to recover enhanced statutory damages even where its actual damages are nominal or non-existent.")); *Playboy Enters. Inc. v. Universal Tel-A-Talk, Inc.*, No. CIV.A. 96-6961, 1998 WL 767440, at *8 (E.D. Pa. Nov. 3, 1998) (awarding statutory damages where plaintiff failed to prove actual damages or profits).  An award of statutory damages pursuant to 15 U.S.C. § 1117(c) is "intended not just for compensation for losses, but also to deter wrongful conduct."  *See CreeLED*, 2023 WL 6130593, at *4 (citing *PetMed Express*, 336 F. Supp. 2d at 1220-21)).

13

Here, the allegations in the complaint, which are taken as true, establish that the Remaining Defendants intentionally used counterfeits of the PURPLE INNOVATION Trademarks for the purpose of deriving benefit from Plaintiff's reputation and goodwill.  *See* ECF No. 1 at ¶¶ 45, 50-51; *see also id.* at ¶¶ 28-30, 32-33, 48-49, 53.  As such, the Lanham Act permits the Court to award up to $2,000,000.00 per infringing mark on each type of good as statutory damages to ensure that the Remaining Defendants do not continue their intentional and willful counterfeiting actions.  *See* 15 U.S.C. § 1117(c)(2).

Each of the Remaining Defendants sold, promoted, distributed, advertised, and/or offered for sale products bearing marks that were counterfeits of the PURPLE INNOVATION Trademarks.  *See, e.g.*, ECF No. 1 at ¶¶ 3, 10, 45, 48-50.  Based on the above considerations, Plaintiff suggests that the Court award statutory damages of $200,000.00 against each of the Remaining Defendants, each of whom sold at least one type of good bearing counterfeits of the PURPLE INNOVATION Trademarks.  *See* ECF No. 51 at 22.  Such an award should be sufficient to deter the Remaining Defendants and others from continuing to counterfeit or otherwise infringe upon PURPLE INNOVATION Trademarks, compensate Plaintiff, and punish the Remaining Defendants, all stated goals of 15 U.S.C. § 1117(c).  *See, e.g.*, *Purple Innovation, LLC v. Individuals*, No. 24-25034-CIV, 2025 WL 1754677, at *6 (S.D. Fla. Apr. 25, 2025).  The Court finds that this award of statutory damages—$200,000.00 per Remaining Defendant—falls within the permissible statutory range under 15 U.S.C. § 1117(c) and is just.  The undersigned accordingly recommends an award of $200,000 against each of the Remaining Defendants on Count 1.

## C.  Damages for Design Patent Infringement

On its patent design infringement claim, Plaintiff "seeks $250 for the infringement of each Design Patent" pursuant to 35 U.S.C. § 289 "[t]o the extent that the [Remaining] Defendants'

known total profits were less than $250 in connection with the sale of products that infringe on the Design Patents."  ECF No. 51 at 16.  With respect to 14 of the Remaining Defendants, Plaintiff also seeks "lost profits" to the "extent that th[ose] [Remaining] Defendants' total profits exceeded $250."  *Id.*; *see also* ECF No. 51-7.

More specifically, Plaintiff contends that it seeks to recover such lost profits pursuant to 35 U.S.C. § 284, *see* ECF No. 51 at 16, which provides for compensatory damages based on a *patentee's* lost sales and profits and which also allows for the trebling of those damages.  *See* 35 U.S.C. § 284 ("Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer" and "may increase the damages up to three times the amount found or assessed."); *Believe Pursue LLC*, 2025 WL 2427675, at *6-7; *see also, e.g.*, *Trell v. Marlee Elecs. Corp.,* 912 F.2d 1443, 1446 (Fed. Cir. 1990) ("The two methods by which damages are usually calculated under [35 U.S.C.] § 284 are assessment of actual damages (the profits the patentee lost due to the infringement) or, if actual damages cannot be ascertained, determination of a reasonable royalty.").  Plaintiff, however, provides no argument or evidence whatsoever about any lost sales or lost profits that it suffered.  Instead, Plaintiff's motion for default judgment actually seeks the profits made *by the infringing Remaining Defendants*.  *See* ECF No. 51 at 17-20.  That, however, is not a remedy available under 35 U.S.C. § 284, but is instead a remedy provided by 35 U.S.C. § 289.[4]  *See Believe Pursue LLC*, 2025 WL 2427675, at *11 ("Recovery of an infringer's total profits, rather than a patentee's own lost sales, falls squarely within the scope of § 289, not § 284."); *id.* at *5-7.  Indeed, § 289 provides that "[w]hoever during the term of a

---

[4] It appears that Plaintiff has "conflate[d] the distinct remedies provided under 35 U.S.C. §§ 284 and 289."  *Believe Pursue LLC*, 2025 WL 2427675, at *11.  The remedies that Plaintiff requests— the profits made by the Remaining Defendants—are available under § 289.

patent for a design, without license of the owner, (1) applies the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale, or (2) sells or exposes for sale any article of manufacture to which such design or colorable imitation has been applied *shall be liable to the owner to the extent of his total profit, but not less than $250*." 35 U.S.C. § 289 (emphasis added). Significantly, Plaintiff calculates the loss profits that it seeks expressly using the methodology for determining an award under § 289. *See* ECF No. 51 at 17. Because it is impermissible "for Plaintiff to recover both infringer's profits under § 289 and additional compensatory damages under § 284 for the same act of infringement," *Believe Pursue LLC*, 2025 WL 2427675, at *12, and because Plaintiff calculates the damages that it requests pursuant to § 289 based on the Remaining Defendants' profits, Plaintiff's damages on its design patent claim are evaluated under § 289.

Determining an award under § 289 involves two steps: "First, identify the 'article of manufacture' to which the infringed design has been applied. Second, calculate the infringer's total profit made on that article of manufacture." *Samsung Elecs. Co. v. Apple, Inc.*, 580 U.S. 53, 60 (2016). The plaintiff has the initial burden to show the article of manufacture and the defendant's total profit on that article. *Blue Spring Partners, LLC v. Individuals, Corps., Ltd. Liab. Cos., P'ships, and Unincorporated Ass'ns Identified on Sched. "A"*, No. 1:24-CV-24197-PCH, 2025 WL 1042127, at *9 (S.D. Fla. Mar. 10, 2025). The burden then shifts to the defendant to produce evidence of any deductions from the total profit identified by the plaintiff (or to show the article of manufacture, if it believes it to be different). *Id.*

When calculating an infringer's profits in similar contexts, courts have held that any uncertainty is to be resolved against the infringer. *See, e.g.*, *Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.*, 316 US. 203, 206-07 (1942) ("The burden is the infringer's to prove that

his infringement had no cash value in sales made by him.  If he does not do so, the profits made

on sales of goods bearing the infringing mark properly belong to the owner of the mark.").  "[I]n

the context of default judgments, courts in this District evaluate lost profits under Gross Merchant

Value ('GMV'), which is the sales price of infringing goods multiplied by the number of goods

sold." *Believe Pursue LLC*, 2025 WL 2427675, at *6 (collecting cases).  Where a defendant fails

to produce supporting documents "to characterize revenue, courts in this District have entered a

profits award for the entire revenue amount excluding any costs to be deducted from the

defendant's gross profit." *Id.* (collecting cases).

> Here, Plaintiff purports to calculate its lost profits damages as follows:
>
> If the Third Party Provider provided information about gross profits for a specific
> infringing product (i.e., the "Gross Merchant Value"), Plaintiff relied on that
> information.  If the Third Party Provider did not provide such information, Plaintiff
> relied on the reported entire revenue amount for the [Remaining] Defendant.

ECF No. 51 at 19 n.3. In support of its calculation, Plaintiff merely submitted a chart indicating

the total amount of lost profits it seeks from each seller.  *See* ECF No. 51-7; ECF No. 51-1 at ¶ 2

n.3.  Plaintiff, however, "provides no underlying information or documentation to corroborate

th[ose] figure[s]—no sales records, transaction histories, invoices, or account summaries.

Nowhere in the record does Plaintiff provide any evidence or breakdown of the number of goods

sold or how Plaintiff calculated" its lost profits.  *Believe Pursue LLC*, 2025 WL 2427675, at *12.

Plaintiff has thus failed to satisfy its burden to produce evidence of the lost profits it seeks from

14 of the Remaining Defendants, and even in the default judgment context, "[w]ithout supporting

evidence, the Court cannot verify the accuracy of Plaintiff's claimed damages." *Id.*  Plaintiff's

bare assertion within its motion for default judgment is insufficient to satisfy its burden. *Id.*

> Accordingly, because the Plaintiff has established the Remaining Defendants' liability on

Plaintiff's design patent infringement claim, but Plaintiff has not yet presented adequate evidence

to support its request for damages under 35 U.S.C. § 289, the undersigned respectfully **RECOMMENDS** that the Court **REQUIRE** Plaintiff to present evidence of the lost profits that it seeks for each infringing product for which it seeks damages under § 289 against each of the Remaining Defendants.

### D.  CONCLUSION

For the foregoing reasons, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Final Default Judgment Against Defendants, ECF No. 51, be **GRANTED** with respect to the Remaining Defendants as set forth above, that final default judgment be entered in favor of Plaintiff and against the Remaining Defendants, that a permanent injunction be issued against the Remaining Defendants, that Plaintiff be awarded statutory damages of $200,000 against each of the Remaining Defendants pursuant to the Lanham Act, and that Plaintiff be required to present additional evidence of the profits that it seeks from each Remaining Defendant within fourteen (14) days of the Court's Order requiring such evidence.

Pursuant to Local Magistrate Rule 4(b), the Court finds good cause to EXPEDITE the period to serve and file written objections to this Report and Recommendation.  Accordingly, the parties shall have **until September 25, 2025,** to serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge. Failure to file timely objections will bar a de novo determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice."  11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474

U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v.*
*Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

      **RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 19th day of
September 2025.

                                _____
                                EDUARDO I. SANCHEZ
                                UNITED STATES MAGISTRATE JUDGE

cc:    Hon. Jose E. Martinez
        Counsel of Record

**SCHEDULE A**

| DOE No. | Defendant Seller | Defendant Online Marketplace |
|---|---|---|
| 1 | Airspace | https://us.shein.com/store/home?store_code=6078116083 |
| 14 | Always Be My Girl Store | https://www.aliexpress.com/store/1103050324 |
| 15 | Autobliss Store | https://www.aliexpress.com/store/1103266471 |
| 16 | Enjoying*Life Store | https://www.aliexpress.com/store/1101460664 |
| 17 | HUTTON LIVE Store | https://www.aliexpress.com/store/1102963729 |
| 18 | JBPS Shop Store | https://www.aliexpress.com/store/1101314553 |
| 19 | JUNMUMUKEJI Manufacturer Store | https://www.aliexpress.com/store/1103185219 |
| 20 | KAWASIMAYA Professional Sale Store | https://www.aliexpress.com/store/1103210325 |
| 21 | Maimeirui Homeware Store | https://www.aliexpress.com/store/1103315068 |

| DOE No. | Defendant Seller | Defendant Online Marketplace |
|---|---|---|
| 24 | Niplo-Ama | https://www.amazon.com/sp?seller=A1R0HW5YM0UY6Q |
| 25 | Usupip | https://www.amazon.com/sp?seller=A16LUVBOC86X4L |
| ███ | ███ | ███ |
| 27 | AiQin | https://www.temu.com/aiqin-m-634418212847771.html |
| 28 | ARTMAN Home | https://www.temu.com/-home-m-634418211489725.html |
| 29 | Auto Super | https://www.temu.com/-m-634418211009567.html |
| 30 | Awesome Selection - Youqingshu | https://www.temu.com/awesome-selection-youqingshu-m-5986259853168.html |
| 31 | ban yarun | https://www.temu.com/ban--m-634418213974176.html?goods_id=601099602178015&sticky_type=1&_x_sessn_id=uh3nt420q&refer_page_name=goods&refer_page_id=10032_1725880681941_qze98won9r&refer_page_sn=10032 |
| 32 | Beautiful Blue House | https://www.temu.com/beautiful--m-634418217297075.html |
| ███ | ███ | ███ |
| 42 | Chunxiu spinning fine women | https://www.temu.com/chunxiu-spinning-fine-women-m-6117219438339.html |
| 43 | CieloHome | https://www.temu.com/cielohome-m-634418217230931.html |
| ███ | ███ | ███ |
| 46 | CorpRed | https://www.temu.com/-m-634418211342432.html |

| DOE No. | Defendant Seller | Defendant Online Marketplace |
|---|---|---|
| | | |
| 49 | Dongxiu | https://www.temu.com/dongxiu-m-634418216498082.html |
| | | |
| 55 | Enjoy your wonderful life | https://www.temu.com/up-stone-m-634418212163196.html |
| 57 | fenghui commerce | https://www.temu.com/-commerce-m-634418216968949.html |
| | | |
| 61 | Ginger Dec | https://www.temu.com/ginger-dec-m-5654252915134.html |
| 63 | GTAO | https://www.temu.com/gtao-m-634418215669157.html |
| 64 | GTDAMAI | https://www.temu.com/gtdamai-m-634418215673050.html |
| | | |
| 66 | GYANG | https://www.temu.com/-m-634418214634867.html |
| 67 | H Enjoy life | https://www.temu.com/h-enjoy-life-m-634418214923782.html |
| | | |

3

| DOE No. | Defendant Seller | Defendant Online Marketplace |
|---|---|---|
| 72 | HUHUAQUAN | https://www.temu.com/huhuaquan-m-634418218140552.html |
| 73 | HUPO KB | https://www.temu.com/hupo-kb-m-634418216600415.html |
| | | |
| 76 | JHYUS Shop | https://www.temu.com/jhyus-shop-m-634418213196323.html |
| 77 | jingshengqi | https://www.temu.com/jingshengqi-m-634418216666192.html |
| 78 | jiukun | https://www.temu.com/jiukun-m-634418214753295.html |
| | | |
| 82 | KPAN | https://www.temu.com/-m-634418213381435.html |
| 83 | Kyoshoudo | https://www.temu.com/kyoshoudo-m-4346568268839.html |
| 84 | Le Puppino Pet local | https://www.temu.com/le-puppino-pet-local-m-634418215275914.html |
| | | |
| 86 | LiangMeiZi | https://www.temu.com/liangmeizi-m-634418213531294.html |
| 87 | Liangpo | https://www.temu.com/liangpo-m-634418212619316.html |
| 88 | Linping Space | https://www.temu.com/-space-m-634418217050520.html |
| 89 | little bird home s | https://www.temu.com/-home-s-m-634418215468308.html |
| 90 | LJJYHOME | https://www.temu.com/ljjyhome-m-634418213736070.html |
| 91 | LJN | https://www.temu.com/ljn-m-634418213498573.html |
| 92 | LONGSHENGHOME | https://www.temu.com/longshenghome-m-634418212225006.html |
| 93 | Luojiekuyesuu | https://www.temu.com/luojiekuyesuu-m-634418213738488.html |
| 94 | Mengling Automotive Products | https://www.temu.com/-automotive-products-m-634418210890397.html |
| 95 | Myigo | https://www.temu.com/-m-634418214423019.html |

| DOE No. | Defendant Seller | Defendant Online Marketplace |
|---|---|---|
| 96 | NewBee Home | https://www.temu.com/-home-m-635517727290097.html |
| 97 | Office Craft Shop | https://www.temu.com/office--m-634418213127157.html |
| | | |
| 99 | pengg | https://www.temu.com/pengg-m-634418215185387.html |
| 100 | Pin An Dian | https://www.temu.com/pin-an--m-634418215523382.html |
| | | |
| 102 | QDUOQ | https://www.temu.com/qduoq-m-4663785375090.html |
| 103 | renquandianpu | https://www.temu.com/renquandianpu-m-634418214519251.html |
| 104 | ROU SHOP | https://www.temu.com/rou-shop-m-634418211506458.html |
| 105 | SANHOME | https://www.temu.com/-m-634418217685341.html |
| | | |
| 108 | ShunHiepin | https://www.temu.com/shunhiepin-m-634418212493328.html |
| | | |
| 111 | Sushi Coffee | https://www.temu.com/sushi-coffee-m-634418217390724.html |
| 112 | The Excellent Department | https://www.temu.com/--m-4450140626153.html |
| | | |
| 115 | TQS | https://www.temu.com/tqs-m-634418215367213.html |
| 116 | Valuable shop | https://www.temu.com/valuable-shop-m-634418212933638.html |
| 117 | Volcanic bear | https://www.temu.com/-bear-m-634418211784895.html |

| DOE No. | Defendant Seller | Defendant Online Marketplace |
|---------|------------------|------------------------------|
| 118 | WTN Shop | https://www.temu.com/wtn-shop-m-634418216630482.html |
| 119 | X Treasure Trove | https://www.temu.com/x--m-634418216845952.html |
| 120 | XFLWTO | https://www.temu.com/xflwto-m-634418216140782.html |
| 121 | xguoguo | https://www.temu.com/xguoguo-m-634418213236918.html |
| 122 | xianqishop | https://www.temu.com/xianqishop-m-634418217646365.html |
|  |  |  |
| 125 | yangguangmeigui | https://www.temu.com/yangguangmeigui-m-634418212171885.html?goods_id=601099620258019&sticky_type=1&_x_sessn_id=uh3nt420q&refer_page_name=goods&refer_page_id=10032_1725880501512_pjstxbvjhc&refer_page_sn=10032 |
| 126 | yezishangdian | https://www.temu.com/yezishangdian-m-634418213266113.html |
|  |  |  |
| 128 | YQS Home Decor | https://www.temu.com/-m-5569102589079.html |
|  |  |  |
| 132 | ZHAOXX | https://www.temu.com/-m-634418214799241.html |
| 133 | zhihangerdian | https://www.temu.com/zhihangerdian-m-634418216717439.html |
| 134 | ZHONG HUISHAN | https://www.temu.com/-huishan-m-634418217046521.html |
|  |  |  |
| 137 | CM Beauty | https://www.wish.com/merchant/616d292590f8c7deff09129e |
|  |  |  |

| DOE No. | Defendant Seller | Defendant Online Marketplace |
|---------|------------------|------------------------------|
| 139 | mytlp | https://www.wish.com/merchant/550a36408e8def0b2a652677 |
| 140 | nvjiaoezimei | https://www.wish.com/merchant/5ae13469a71fbf120bc2f877 |
| 141 | SHOPSTORYFRANCE | https://www.wish.com/merchant/5a955057a6bf7a195938b11c |
| 142 | SKY-00 | https://www.wish.com/merchant/641bf6e8ace9aac64855e789 |
| 143 | wuhaiyuelian | https://www.wish.com/merchant/5e7b0e64d14fc41c30244b82 |
| 144 | wuyishan513 | https://www.wish.com/merchant/641473e363cf403c6b16555f |
| 145 | xingtai | https://www.wish.com/merchant/5d4269b270327a45c1c40774 |
| 146 | xionghongji8542 | https://www.wish.com/merchant/6174f1c73618ae52b05858a8 |
| 147 | xuchengyan5620 | https://www.wish.com/merchant/617508b09c5e62c6f2a441c7 |